UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil No. 3:21-cv-10649-KAR |
| | ) | |
| | ) | |
| CHICOPEE HOUSING AUTHORITY | ) | |
| and MONICA BLAZIC, in her capacity | ) | |
| as Executive Director of Chicopee | ) | |
| Housing Authority, | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER ON MOTION TO INTERVENE
(Dkt No. 48)

ROBERTSON, U.S.M.J.

The United States of America brings this action against Chicopee Housing Authority

("CHA") and its Executive Director Monica Blazic ("Blazic") (collectively, "Defendants") under

Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), 42 U.S.C. §§ 3601 et seq.,

Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 et seq., and Title

II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 et seq. for

unlawful discrimination based on race, national origin, and disability (Dkt. No. 19).  Presently

before the court is the motion of Jean Fitzgerald ("Fitzgerald") to intervene as a plaintiff

pursuant to Fed. R. Civ. P. 24 (Dkt. No. 48), which the United States supports (Dkt. No. 61) and

Defendants oppose (Dkt. No. 53).  For the reasons stated herein, the court GRANTS Fitzgerald's

motion.

## I.     PROCEDURAL HISTORY

The United States initiated this action on April 19, 2021, by filing a complaint against Defendants alleging that Defendants had discriminated against Clover King ("King") based on disability in violation of the Fair Housing Act (Dkt. No. 1).  With leave of court, the United States filed an amended complaint on December 21, 2021, which, in addition to adding claims of disability discrimination under Section 504 and the ADA, added allegations that Defendants engaged in a pattern or practice of discrimination based on race, national origin, and disability in violation of the Fair Housing Act, including that Defendants engaged in "coercion, intimidation, threats, or interference" with the exercise of fair housing rights in violation of 42 U.S.C. § 3617 (Dkt. No. 19).  Thereafter, on April 27, 2022, King and Iris Castro ("Castro"), following the court's granting of their unopposed motion to intervene, filed an intervenor complaint against Defendants alleging that Defendants discriminated against them based on disability in violation of the Fair Housing Act, Section 504, and the ADA (Dkt. No. 34).  Castro, a Latinx woman, further alleges that Defendants discriminated against her based on race and national origin in violation of the Fair Housing Act (Dkt. No. 34).  King and Castro also bring state law claims for disability discrimination in violation of the Massachusetts Anti-Discrimination Statute, Mass. Gen. Law ch. 151B, § 4, and negligence, while Castro separately brings claims that Defendants engaged in race and national origin discrimination in violation of the Massachusetts Anti-Discrimination Statute, Mass. Gen. Laws ch. 151B, § 4, and engaged in threatening, intimidating, or coercive conduct that interfered with her state or federal constitutional rights in

violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I.  Fitzgerald filed

the instant motion to intervene on December 29, 2022 (Dkt. No. 48).

## II.       FACTS[1]

Fitzgerald was a member of the Board of the Chicopee Housing Authority from 2012

until spring 2017 (Dkt. No. 48-1 at ¶ 90).  During her tenure, Fitzgerald witnessed Blazic use

derogatory and racially biased language to refer to Chicopee Housing Authority tenants and

people in the community (Dkt. No. 48-1 at ¶ 92).  Fitzgerald raised concerns that Blazic was not

complying with federal fair housing laws (Dkt. No. 48-1 at ¶ 91).

Sometime after she left the board, Fitzgerald applied to live in a Chicopee Housing

Authority public housing unit as a tenant (Dkt. No. 48-1 at ¶ 93).  Fitzgerald was placed on a

waitlist, on which she remains (Dkt. No. 48-1 at ¶ 94).

In early 2020, Fitzgerald was contacted by individuals she believed were acting as

attorneys for Chicopee Housing Authority, who asked her to testify before the United States

Department of Housing and Urban Development ("HUD") in its ongoing fair housing

investigation concerning a complaint filed by King (Dkt. No. 48-1 at ¶ 95).  A short time later,

Fitzgerald was walking outside in Chicopee when she heard her name and turned to see Blazic in

a car parked next to her (Dkt. No. 48-1 at ¶ 96).  Blazic told Fitzgerald that her testimony before

HUD should be positive and that Blazic was aware that Fitzgerald was on a waiting list for

housing (Dkt. No. 48-1 at ¶ 97).  When Fitzgerald stated that she would testify truthfully, Blazic

---

[1] In considering a motion to intervene, "'a district court is required to accept as true the nonconclusory allegations made in support ….'"  *B. Fernández & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 543 (1st Cir. 2006) (quoting *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819-20 (9th Cir. 2001)).

responded that Fitzgerald would get housing if she testified positively and that she, Blazic, controlled the list of who got housing and who did not (Dkt. No. 48-1 at ¶ 98).

On March 19, 2020, Fitzgerald filed a complaint at HUD regarding the incident (Dkt. No. 48-1 at ¶ 100).  HUD investigated the complaint until October 2021, at which time HUD referred the matter to the Department of Justice (Dkt. No. 48-1 at ¶ 101).  In November 2022, Bruce Socha, who was a member of the board of the Chicopee Housing Authority, approached Fitzgerald and told her that if she had gone along with the rest of the board, she would have been in housing by then (Dkt. No. 48-1 at ¶¶ 102-105).

### III.   LEGAL STANDARD

The Federal Rules of Civil Procedure provide for two types of intervention, intervention as of right and permissive intervention.  *See* Fed. R. Civ. P. 24.  Regarding intervention as of right, Fed. R. Civ. P. 24 requires the court to permit anyone to intervene who files a timely motion and "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a). Permissive intervention, by contrast, is appropriate for anyone who files a timely motion and "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).

### IV.   DISCUSSION

Fitzgerald argues that she is entitled to intervene as of right or, alternatively, that she should be permitted to intervene.  Because the court finds that the Fair Housing Act gives

Fitzgerald an unconditional right to intervene, it is unnecessary to reach the question of permissive intervention.

The Fair Housing Act provides that, "[u]pon timely application, any person may intervene in a civil action commenced by the Attorney General under subsection (a) or (b) [of section 3614] which involves an alleged discriminatory housing practice with respect to which such person is an aggrieved person …."  42 U.S.C. §3614(e).  An "aggrieved person" includes anyone who "claims to have been injured by a discriminatory housing practice."  42 U.S.C. § 3602(i)(1).  Notwithstanding the use of the word "may," § 3614(e) is interpreted as granting an unconditional right to intervene.  *See United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 269 (E.D. Mich. 1997).  The use of the word "may" in the statute indicates that the aggrieved person has discretion whether to intervene, but so long as she exercises her discretion to intervene in a manner that is procedurally correct under Rule 24(a), the court has no discretion to deny intervention.  *Id*.

Here, in her proposed complaint, Fitzgerald alleges that while she was on the Chicopee Housing Authority waitlist, Blazic threated to withhold housing from her unless she testified favorably for the Chicopee Housing Authority and Blazic in connection with HUD's investigation into King's complaint.  If true, these actions would violate 42 U.S.C. § 3617, which makes it "unlawful to coerce, intimidate, threaten, or interfere with any person … on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [the Fair Housing Act]."  42 U.S.C. § 3617.  Prohibited conduct under § 3617 includes retaliation against any person because that person has "testified, assisted, or

participated in any manner in a proceeding under the Fair Housing Act." 24 C.F.R. § 100.400(c)(5).

The United States, in its amended complaint, alleges that Defendants engaged in a pattern or practice of discrimination based on race, national origin, and disability, including that Defendants engaged in "coercion, intimidation, threats, or interference with persons … on account of having aided or encouraged others in the exercise of enjoyment of, rights granted or protected by 42 U.S.C. §§ 3603-3606 of the Fair Housing Act, in violation of 42 U.S.C. § 3617" (Dkt. No. 19 at ¶ 43(b)). Thus, Fitzgerald "claims to have been injured by a discriminatory housing practice" alleged by the United States in its amended complaint and is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i)(1). She may intervene as of right. 42 U.S.C. §3614(e). *See United States v. Henry*, 519 F. Supp. 2d 618, 621-22 (E.D. Va. 2007) (granting a motion to intervene as of right where the proposed intervenors claimed to have been injured by the defendants' pattern or practice of discrimination in violation of the Fair Housing Act as alleged by the United States in its complaint); *Marsten Apartments*, 175 F.R.D. at 268-69 (allowing proposed intervenors who alleged that they were discriminated against by the defendants as part of the pattern or practice of discrimination alleged by the United States to intervene as of right).

Defendants' argument to the contrary is not persuasive. Defendants argue that Fitzgerald is not an "aggrieved person" with respect to the alleged discriminatory housing practices at issue in this action because her claim "is based on an entirely different set of allegations from those brought by the United States and [King and Castro]" (Dkt. No. 53 at 4). Defendants focus on the fact that Fitzgerald does not claim to have been a victim of disability, race, or national origin discrimination, as alleged by King and Castro. In doing so, Defendants fail to take into account

that the United States has not simply alleged that Defendants discriminated against King personally based on her protected characteristics, but also that they have engaged in "coercion, intimidation, threats, or interference with persons … on account of having aided or encouraged others in the exercise of enjoyment of, rights granted or protected by 42 U.S.C. §§ 3603-3606 of the Fair Housing Act, in violation of 42 U.S.C. § 3617" (Dkt. No. 19 at ¶ 43(b)).  Thus, as set forth above, Fitzgerald is an "aggrieved person" with respect to the discriminatory housing practices alleged by the United States in its amended complaint, which include unlawful retaliation.

One final issue remains to be addressed and that is whether Fitzgerald's motion is timely as required by Fed. R. Civ. P. 24.  "Rule 24's timeliness inquiry 'is inherently fact-sensitive and depends on the totality of the circumstances.'"  *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 46 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015) (quoting *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009)).  There are four factors a court generally should consider, including; (1) the length of time the putative intervenor knew or reasonably should have known that her interests were at risk before moving to intervene; (2) the prejudice to existing parties if intervention is allowed; (3) the prejudice to the putative intervenor if intervention is denied; and (4) any special circumstances militating for or against intervention.  *Id*.  In evaluating the timeliness of a motion to intervene, "the status of the litigation at the time of the request for intervention is 'highly relevant.'"  *Id.* (quoting *R & G Mortg.*, 584 F.3d at 7).  Because this case remains in its early stages with discovery just beginning and dispositive motions not due to be filed for nearly six months (Dkt. No. 44), the court finds that the status of the litigation militates in favor of a finding of timeliness.  *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 64 (1st Cir. 2008)

(rejecting the defendant's argument that the proposed intervenor's motion was untimely where "the case had not progressed beyond the initial stages when the motion was filed"). Furthermore, Defendants have not contested the timeliness of Fitzgerald's motion or argued that they would be prejudiced by allowance of the motion.  In these circumstances, the court finds that Fitzgerald's motion is timely.

## V.    CONCLUSION

For the above-stated reasons, Jean Fitzgerald's Motion to Intervene is GRANTED (Dkt. No. 48).  Fitzgerald is directed to file the Proposed Second Amended Complaint in Intervention that is attached to her motion to intervene by no later than April 7, 2023.

It is so ordered.

Dated:  March 24, 2023                                   /s/ Katherine A. Robertson
                                                         KATHERINE A. ROBERTSON
                                                         United States Magistrate Judge